NOT FOR PUBLICATION (Doc. No. 12)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| LISA SCHWINGE, <br><br> Plaintiff, <br><br> v. <br><br> DEPTFORD TOWNSHIP BOARD OF EDUCATION and JOSEPH COLLINS, <br><br> Defendants. | Civil No. 09-5964 (RBK/JS) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

This is an employment discrimination dispute. Plaintiff Lisa Schwinge claims that Defendant Deptford Township Board of Education (the "Board of Education") terminated her employment because she became pregnant, had to miss work to serve on a jury, and suffered from a serious back injury. Plaintiff asserts claims for gender and disability discrimination, violations of the Jury System Improvement Act ("JSIA"), and common law wrongful discharge. This matter comes before the Court pursuant to Defendants' motion to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons discussed below, the Court dismisses without prejudice Plaintiff's claims for gender and disability discrimination and dismisses with prejudice Plaintiff's claim for violations of the JSIA. The Court denies without prejudice Defendants' request to dismiss Plaintiff's common law wrongful discharge claim.

1

I.      BACKGROUND

The Board of Education hired Plaintiff in December 2006 as a "book keeper/office worker." (Am. Compl. ¶ 5). At that time, Plaintiff had "many years of experience as a government office worker, and had never had bad reviews, nor any complaints regarding her work performance during her years of employment." (Id.). Plaintiff's supervisor at the Board of Education was Defendant Joseph Collins. In February 2008, Plaintiff notified Mr. Collins that she was pregnant. Shortly thereafter, Mr. Collins, "for the first time, gave Plaintiff a negative [performance] review." (Id. ¶ 7). "Shortly after that, on or about April 23, 2008, soon after the [P]laintiff had inquired about her Family Medical Leave Rights, Plaintiff was advised that her contract was not going to be renewed." (Id. ¶ 8). Plaintiff was terminated when her contract expired.

Plaintiff also alleges that between December 2007 and January 2008, she was selected to serve as a juror in a civil trial in the Superior Court of New Jersey. Plaintiff missed work as a result of her jury duty. "Shortly after [Plaintiff's] jury service, and around the time that she announced her pregnancy, . . . [Mr. Collins] complained about 'missed time from work by employees,' and further asserted that no excuses would be accepted, that he 'didn't care' what excuse employees had, and that any missed time would result in consequences." (Id. ¶ 15). "Over the next couple of months, [P]laintiff received her first negative performance reviews," and, "[s]hortly thereafter, she was terminated, and notified that her contract would not be renewed." (Id. ¶ 16).

Plaintiff also alleges that "[i]n addition to her pregnancy, [she] suffered from a herniated disc in her spine, along with several bulging discs." (Id. ¶ 19). She allges that her termination was related in whole or in part to those medical conditions, which constitute a legally protected

disability.  She notes that she filed a charge of disability discrimination with both the New Jersey Division of Civil Rights and the Equal Employment Opportunity Commission ("EEOC"), but she subsequently withdrew those claims to pursue her rights in court.  (Id. ¶ 21).  She did not receive a right-to-sue letter from either agency.

Plaintiff originally filed her Complaint in the Superior Court of New Jersey.  The Complaint asserts claims for gender discrimination under the New Jersey Law Against Discrimination ("NJLAD") (Count I), violations of the JSIA (Count II), and disability discrimination under the NJLAD and the Americans with Disabilities Act ("ADA") (Count III). Defendants timely removed the matter to this Court, answered the Complaint, and moved to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposed Defendants' motion to dismiss, and Defendants replied.

While that motion was pending, Plaintiff moved to amend the Complaint to assert a new claim for "Common Law Wrongful Discharge, in violation of New Jersey Law, and Public Policy."  (Id. ¶ 24).  That motion was granted, and Plaintiff timely filed her Amended Complaint. The Amended Complaint is word-for-word identical to the original Complaint except that it includes four new paragraphs.  Those paragraphs do not include any new factual allegations. They simply incorporate the facts as alleged in the Complaint and assert a claim for common law wrongful discharge.  After Plaintiff filed the Amended Complaint, Defendants filed a letter stating that Counts I to III of the Amended Complaint should be dismissed because Plaintiff's allegations remain unchanged from the Complaint.  Defendants also requested that the Court dismiss Plaintiff's common law wrongful discharge claim.  Plaintiff did not respond to Defendants' letter.

Defendants' pending motion to dismiss is addressed to Plaintiff's original Complaint, which is now superseded by the Amended Complaint. Semulka v. Moschell, No. 10-3259, 2010 U.S. App. LEXIS 23750, at *3 (3d Cir. Nov. 18, 2010) ("An amended complaint supersedes the original complaint and renders it of no legal effect") (quotation marks and citation omitted). However, because Plaintiff's first three claims are identical in both the original Complaint and the Amended Complaint, and because Defendants filed a supplemental brief requesting that the Court dismiss those claims for the reasons stated in their initial moving papers, it is most efficient for the Court to decide Defendants' pending motion to dismiss on the merits rather than deny it on procedural grounds and require Defendants to re-file the same motion relative to the Amended Complaint.  This approach is consistent with the Rules, avoids unnecessary waste of judicial and litigant resources, and does not prejudice Plaintiff because she submitted opposition to Defendants' initial motion. See Fed. R. Civ. P.  1 ("These rules govern the procedure in all civil actions . . . should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."); see also D&D Assocs. v. N. Plainfield Bd. of Educ., No. 03-1026, 2008 U.S. Dist. LEXIS 43063, at *2 n.1 (D.N.J. May 27, 2008) (deciding motion notwithstanding party's failure to re-file necessary submission based on Rule 1); see also Foman v. Davis, 371 U.S. 178, 181-82 (1962) (citing Rule 1 and finding that "[i]t is . . . entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities").  However, because Defendants have not formally moved to dismiss Plaintiff's common law wrongful discharge claim and Plaintiff has therefore not submitted a brief defending that claim, the Court does not address whether that claim should be dismissed.  Defendants must make a separate motion to dismiss that claim so that Plaintiff is afforded a clear and fair opportunity to respond.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. With a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In making that determination, a court must conduct a two-part analysis. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Fowler, 578 F.3d at 210-11. First, the court must separate factual allegations from legal conclusions. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Second, the court must determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common sense." Id. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. See id.

## III. DISCUSSION

### A. Plaintiff's NJLAD Gender Discrimination Claim

Plaintiff claims that Defendants discriminated against her on the basis of gender in violation of the NJLAD because they terminated her on account of her pregnancy.

The NJLAD prohibits unlawful discrimination against employees on the basis of gender. See N.J. Stat. Ann. § 10:5-12(a). The New Jersey Supreme Court has held that "employers may not discriminate against a female employee because she becomes pregnant." Gerety v. Atl. City Hilton Casino Resort, 877 A.2d 1233, 1240 (N.J. 2005) (citing Castellano v. Linden Bd. of Educ., 400 A.2d 1182, 1185-86 (N.J. 1979); Rendine v. Pantzer, 661 A.2d 1202, 1205-12 (1995)). Thus, contrary to Defendants' assertions, pregnancy is a "prohibited consideration" for employment purposes under the NJLAD.[1] Santosuosso v. NovaCare Rehab., 462 F. Supp. 2d 590, 599 (D.N.J. 2006).

"In order to establish a LAD cause of action, the plaintiff must 'show that the prohibited consideration . . . played a role in the decision making process and that it had a determinative influence on the outcome of that process.'" Greenberg v. Camden Cnty. Vocational and Technical Sch., 708 A.2d 460, 465 (N.J. Super. Ct. App. Div. 1998) (quoting Maiorino v. Schering-Plough Corp., 695 A.2d 353, 363 (N.J. Super. Ct. App. Div.), certif. denied, 704 A.2d 19 (N.J. 1997)). "Direct proof of discrimination is not often found, and thus, discrimination cases can be proved through circumstantial evidence." Id. However, in order to establish gender discrimination by circumstantial evidence, courts have developed a four-part prima facie case:

> (1) Plaintiff belongs to a protected class; (2) Plaintiff was performing her job at a level that met her employer's legitimate expectations; (3) Plaintiff suffered an adverse employment action; and (4) the employer sought someone who is not a member of the protected class to perform the same work after Plaintiff's termination.

---

[1] Defendants cite several cases holding that pregnancy is not a "disability" under the NJLAD. Count I of the Complaint clearly asserts a claim for gender discrimination based on Plaintiff's pregnancy; not a disability discrimination claim. The New Jersey Supreme Court has specifically held that under the NJLAD "employers may not discriminate against a female employee because she becomes pregnant." Gerety, 877 A.2d at 1240. Thus, the cases cited by Defendants are inapposite.

6

Santosuosso, 462 F. Supp. 2d at 599 (citing Zive v. Stanley Roberts, Inc., 867 A.2d 1133, 1141 (N.J. 2005)).

Plaintiff alleges facts sufficient to establish the first three elements, but she fails to allege that Defendants replaced her with another employee. Plaintiff alleges that she was pregnant and that she told Mr. Collins that she was pregnant. As noted above, those facts are sufficient to establish that Plaintiff was within a protected class under the NJLAD. Plaintiff also alleges that until she announced her pregnancy she had received only positive performance reviews from Defendants and her prior employers. Those facts establish that Plaintiff was performing her job adequately. Plaintiff alleges that she was terminated, which is an adverse employment action. Thus, Plaintiff satisfies the first three elements of the prima facie case. However, Plaintiff makes no allegations from which the Court could infer that Defendants replaced her with another non-pregnant employee. The Amended Complaint is simply silent as to that necessary element of Plaintiff's claim.[2] Thus, the Court dismisses Count I of Plaintiff's Amended Complaint without prejudice.[3]

### B. Plaintiff's JSIPA Claim

The JSIP provides that no "employer shall discharge, threaten to discharge, intimidate, or coerce any permanent employee by reason of such employee's jury service, or the attendance or scheduled attendance in connection with such service, in any court of the United States." 28 U.S.C. § 1875(a). Employers who violate the JSIP are "liable for damages for any loss of wages

---

[2] In opposition to Defendants' motion to dismiss, Plaintiff submits an affidavit supplementing the allegations in the Amended Complaint. Without addressing the propriety of considering Plaintiff's affidavit on this motion to dismiss, the Court notes that Plaintiff does not state in her affidavit that she was replaced by a non-pregnant employee, or any employee.

[3] Count I alleges that Plaintiff inquired as to her "Family Medical Leave Rights." However, it does not assert a claim for denial of those rights. Indeed, Plaintiff alleges that she was terminated soon after announcing her pregnancy. She did not, therefore, have the opportunity to take medical leave. Thus, the Court construes Court I as asserting a claim only for gender discrimination under the NJLAD.

or other benefits suffered by an employee by reason of such violation." 28 U.S.C. § 1875(b)(1). However, the JSIPA's protections apply only if the employee serves on a jury in federal court. 28 U.S.C. § 1875(a) (stating the protections apply if employee serves as juror "in any court of the United States"); see Pereira v. United States, 84 Fed. Cl. 597, 601 (Fed. Cl. 2008) ("Because plaintiff's alleged wrong arises out of service on a state jury, 28 U.S.C. § 1875 does not apply); see also id. ("This section . . . is intended to provide statutory protection for the continued employment of persons summoned to federal jury service.") (quoting H.R. Rep. 95-1562, 95th Cong., 2d Sess., at 15 (1978)).

The Amended Complaint alleges that Plaintiff was terminated because she had to take time away from work to serve on a jury for a civil jury in "the Superior Court of New Jersey." (Am. Compl. ¶ 12). Thus, Plaintiff fails to state a claim under the JSIPA because she alleges only that she served on a jury in state court.

### C.  Plaintiff's Disability Discrimination Claims

Plaintiff asserts claims under the ADA and the NJLAD based on her alleged medical condition stemming from a back injury. Defendants argue that: (1) Plaintiff's ADA claim should be dismissed for failure to exhaust administrative remedies; and (2) Plaintiff's back injury does not qualify as a "disability" under the NJLAD. The Court dismisses Plaintiff's ADA claim for failure to exhaust administrative remedies. The Court dismisses Plaintiff's NJLAD claim because she fails to allege that Defendants sought someone else to perform her job once Defendants terminated her employment.

The ADA prohibits unlawful discrimination against employees on the basis of disability. See 42 U.S.C. § 12112(a). An employee may bring a claim under the ADA for discriminatory conduct by an employer. See Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 189

8

(3d Cir. 2009) (stating elements for ADA employment discrimination claim).  However, before filing a complaint in court, a plaintiff alleging discrimination under the ADA must file a Charge of Discrimination with the EEOC or an analogous state agency.  See Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (holding that Title VII administrative procedures apply to ADA claims ); see 29 U.S.C. § 626(d)(2) (providing 180 days for filing with the EEOC); 42 U.S.C. § 2000e-5 (providing 300 days for filing with a state agency).  A plaintiff must exhaust those remedies by obtaining a right-to-sue letter before she may file a complaint in court.  Ditzel v. Univ. of Med. & Dentistry, 962 F. Supp. 595, 602-03 (D.N.J. 1997) (citing 42 U.S.C. § 2000e-5).  Thus, a claimant who voluntarily withdraws her administrative charge of discrimination before obtaining a right-to-sue letter fails to exhaust administrative remedies and may not sue in court.  See Brundage v. Int'l Ass'n of Bridge, Structural & Ornamental Ironworkers, Local #401, No. 00-4549, 2007 U.S. Dist. LEXIS 81036, at *33 (E.D. Pa. Oct. 24, 2007) (dismissing claim for failure to exhaust administrative remedies because plaintiff withdrew EEOC charge of discrimination and the EEOC did not issue a right-to-sue letter).

The Court dismisses Plaintiff's ADA claim for failure to exhaust administrative remedies. The Complaint alleges that Plaintiff voluntarily withdrew her EEOC charge without receiving a right-to-sue letter.  In her opposition to Defendants' motion to dismiss, Plaintiff does not state whether the EEOC subsequently issued a right-to-sue letter or even address Defendants' argument that the Amended Complaint be dismissed for failure to exhaust administrative remedies.  Thus, Plaintiff's ADA claim is dismissed.

Unlike the ADA, the NJLAD does not require a plaintiff to exhaust administrative remedies before filing a complaint in court.  Hernandez v. Region Nine Hous. Corp., 684 A.2d 1385, 1389 (N.J. 1996).  "The LAD prohibits discrimination against any person who is or has

been 'handicapped,' unless the handicap precludes the performance of employment." Failla v. City of Passaic, 146 F.3d 149, 153 (3d Cir. 1998) (citing N.J. Stat. Ann. § 10:5-4.1). To establish a prima facie case of discriminatory discharge on the basis of disability under the NJLAD, a plaintiff must show that: (1) she is disabled or perceived to be disabled within the meaning of the NJLAD; (2) she was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodation by the employer; (3) she was fired; and (4) the employer sought someone else to perform the same work. Muller v. Exxon Research & Eng'g Co., 786 A.2d 143, 148 (N.J. Super. Ct. App. Div. 2001)) (citing Clowes v. Terminix Int'l, Inc., 538 A.2d 794, 805 (N.J. 1988)).

Although New Jersey courts often look to the U.S. Supreme Court's analysis of discrimination claims under federal law when construing the NJLAD, see Lehmann v. Toys 'R' Us, Inc., 626 A.2d 445, 452 (N.J. 1993) (citing Grigoletti v. Ortho Pharm. Corp., 570 A.2d 903, 906-907 (N.J. 1990)), the NJLAD's "definition of handicap, and its scope, is not comparable to the definitions and scope of handicap or disability under the ADA," Soules v. Mount Holiness Memorial Park, 808 A.2d 863, 865 (N.J. Super. Ct. App. Div. 2002). The NJLAD "is very broad and does not require that a disability restrict any major life activities to any degree." Enriquez v. West Jersey Health Sys., 777 A.2d 365, 375 (N.J. Super. Ct. App. Div. 2001); see N.J. Stat. Ann. § 10:5-5(q) (defining "disability"); Viscik v. Fowler Equip. Co., 800 A.2d 826, 835 (N.J. 2002) ("[NJ]LAD is not restricted to 'severe' or 'immutable' disabilities and has been interpreted as significantly broader than the analogous provisions of the Americans with Disabilities Act."). Thus, courts have interpreted the NJLAD's definition of disability to include "a painful back condition." See Failla v. City of Passaic, 146 F.3d 149, 154 (3d Cir. 1998) (finding that the

plaintiff "adduced sufficient evidence to support the jury's finding that his back condition warranted a reasonable accommodation").

Plaintiff alleges that she suffered from a "herniated disc in her spine, along with several bulging discs." (Am. Compl.¶ 19). In light of the NJLAD's broad scope, the Court finds that there is no per se legal bar to Plaintiff's claim that her back condition qualifies as a disability under the NJLAD. Plaintiff's condition may qualify as a disability under the NJLAD if she can prove that "she is (1) suffering from physical disability, infirmity, malformation or disfigurement (2) which is caused by bodily injury, birth defect or illness." Viscik v. Fowler Equip. Co., 800 A.2d 826, 834 (N.J. 2002). However, Plaintiff fails to state a claim for disability discrimination under the NJLAD because, as noted above, she does not allege that Defendants sought someone else to perform her job after they terminated her employment. See Clowes, 538 A.2d at 805. Thus, Plaintiff fails to allege all the elements necessary to state a claim for disability discrimination under the NJLAD. Id.

**IV. CONCLUSION**

For the reasons discussed above, Defendants' motion to dismiss Counts I, II and III of the Amended Complaint is granted. An order shall enter.


Dated:2/17/11                                              /s/ Robert B. Kugler
                                                           ROBERT B. KUGLER
                                                           United States District Judge