IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LISA SCHWINGE, | : |
| Plaintiff, | : Civil No. 09-5964 (RBK/JS) |
| v. | : **OPINION** |
| DEPTFORD TOWNSHIP BOARD OF EDUCATION, and JOSEPH COLLINS, | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This is an employment discrimination case. Defendants removed this case from the Superior Court of New Jersey based on federal-question jurisdiction. In a February 17, 2011 opinion, the Court dismissed Plaintiff's federal claims, leaving only Plaintiff's state-law claims pending. Before the Court is Plaintiff's Motion to Remand this matter to the Superior Court of New Jersey. Because the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims, Plaintiff's Motion is **GRANTED**.

**I.    BACKGROUND**

Plaintiff originally filed her discriminatory discharge claims against Defendants in the Superior Court of New Jersey, Law Division, Gloucester County. The First Amended Complaint asserted violations of the Jury Systems Improvement Act ("JSIA") and the Americans with Disabilities Act ("ADA"), as well as a state-law claim under the New Jersey Law Against Discrimination ("NJLAD") and a common law wrongful discharge claim. Defendants removed the matter to this Court. In the Notice of Removal, Defendants argued that the Court may

exercise jurisdiction over the matter based on Plaintiff's JSIA and ADA claims. The Court dismissed Plaintiff's JSIA and ADA claims with prejudice. The Court also dismissed Plaintiff's NJLAD claims without prejudice, and denied Defendants' motion to dismiss Plaintiff's common law wrongful discharge claim without prejudice. Thereafter, the Court granted Plaintiff's motion for leave to amend her state-law claims, but denied Plaintiff's request to amend the federal claims. In May 2011, Plaintiff filed a second amended complaint. The Second Amended Complaint includes an NJLAD claim and common law wrongful discharge claim, but does not contain any claims under federal law. Now, Plaintiff moves to remand this matter to the Superior Court of New Jersey, Gloucester County, pursuant to 28 U.S.C. 1447(c).[1]

## II. STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court for, among other things, lack of subject-matter jurisdiction. See 28 U.S.C. § 1447(c). To defeat a plaintiff's motion to remand for lack of subject-matter jurisdiction, the defendant bears the burden of showing that the federal court has jurisdiction to hear the case. Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1995) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939)). Generally, where the decision to remand is a close one, district courts are encouraged to favor remand. See Abels, 770 F.2d at 29 ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."). Because the lack

---

[1] In her Motion, Plaintiff mistakenly states that she filed her original Complaint in Camden County. Defendants object that venue is improper in Camden County, as the underlying cause of action arose in Gloucester County, and Plaintiff filed her original Complaint in Gloucester County. However, Defendants do not argue that remand to Gloucester County is improper. Plaintiff admits that she erroneously stated Camden County is the proper venue, and that the Court should remand to the Superior Court of New Jersey, Gloucester County.

2

of jurisdiction itself precludes the court from asserting judicial power, a court may take no further action in a matter once it determines that it lacks jurisdiction. See First Am. Nat'l Bank v. Straight Creek Processing Co., 756 F. Supp. 945, 946 (E.D. Va. 1991) (where diversity of parties is incomplete, court has no jurisdiction to consider plaintiff's motion to dismiss non-diverse defendants; rather, court must dismiss action for lack of jurisdiction). If jurisdiction is lacking, the court must dismiss the action. Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n, 657 F.2d 29, 36 (3d Cir. 1981); TM Marketing, Inc. v. Art & Antiques Assoc., L.P., 803 F. Supp. 994, 997 (D.N.J. 1992); Carney v. Dexter Shoe Co., 701 F. Supp. 1093, 1100 (D.N.J. 1988).

## III. DISCUSSION

When a district court dismisses the federal claims that provided a basis for subject-matter jurisdiction, the court may maintain supplemental jurisdiction over any remaining state-law claims. Osborn v. Haley, 549 U.S. 225, 245 (2007) ("Even if only state-law claims remained after resolution of the federal question, the District Court would have discretion, consistent with Article III, to retain jurisdiction."). However, "the district court[] may decline to exercise supplemental jurisdiction [if] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." Carlsbad Tech., Inc. v. HIF Bio, Inc., 129 S. Ct. 1862, 1866 (2009).

However, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." Carnegie Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered

3

under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. at 350 n.7; see also Glaziers and Glassworkers Union Local 252 Annuity Fund v. Newbridge Sec., Inc., 823 F. Supp. 1191, 1193 (E.D. Pa. 1993) (finding exercise of supplemental jurisdiction not appropriate where federal claims had been dismissed because dismissal had occurred at early stage in litigation and no prejudice would result).

Here, the Court dismissed all of Plaintiff's federal-question claims, leaving only Plaintiff's state-law claims. Therefore, it is within the discretion of the Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Because the case is early in the litigation process, judicial economy, convenience, and fairness do not balance in favor of exercising supplemental jurisdiction. Neither the Court nor the parties have invested substantial time and resources toward trial in federal court. Also, because only Plaintiff's state-law claims are pending, the Court should remand in the interest of comity. Plaintiff's state-law claims predominate, and the Court would not serve any federal interest by retaining jurisdiction. Thus, this case falls in the category of "the usual case" where all federal-law claims are eliminated before trial, and the balance of factors point toward declining to exercise supplemental jurisdiction over the remaining state-law claims. See Carnegie, 484 U.S. at 350 n.7.

## IV.     CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Remand is **GRANTED**. An appropriate Order shall enter.

Date:     7/28/11                                              /s/ Robert B. Kugler
                                                                                                                        ROBERT B. KUGLER
                                                                                                                        United States District Judge